1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   BRIAN BAKER, a Washington resident,

9                      Plaintiff,

10         vs.

11   VILLAGE AT BEARDSLEE PHASE I, LLC, a
Delaware limited liability company,

12                      Defendant.

13

**NO.**

**COMPLAINT FOR
DECLARATORY
AND INJUNCTIVE RELIEF**

14         COMES NOW, Plaintiff, Brian Baker, by and through his attorneys, Conrad A.

15   Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for his Complaint

16   for Declaratory and Injunctive Relief to state and allege as follows:

17

18                          **I.      OVERVIEW**

19         1.      The Americans with Disabilities Act (the "ADA") and the Washington Law

20   Against Discrimination require places of public accommodation to be accessible to people with

21   disabilities.

22         2.      A restaurant is a place of public accommodation within the meaning of Title III of

23   the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

Complaint for Declaratory and Injunctive
Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

3.      ADA accessibility laws and regulations were enacted into law over 27 years go to protect persons with mobility and other disabilities.

4.      Defendant discriminates against individuals with disabilities because Defendant leases a property as a place of public accommodation that does not comply with ADA laws and regulations.

5.      Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant Village at Beardslee Phase I, LLC against persons with mobility disabilities.

## II.      PARTIES

6.      Plaintiff Brian Baker is a Washington resident and resides in this district.

7.      Mr. Baker is limited in the major life activity of walking and uses a wheelchair and modified van for transportation and requires van accessible parking to patronize the Businesses at Defendant's property at and around 19116 Beardslee Blvd. and 19128 112th Ave. NE in Bothell, WA (the "Property").

8.      Village at Beardslee Phase I, LLC is a Delaware limited liability company.

9.      National Registered Agents, Inc., at 711 Capitol Way S. Ste 204, Olympia, WA 98501 is the registered agent for Village at Beardslee Phase I, LLC.

## III.      JURISDICTION AND VENUE

10.      This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

Complaint for Declaratory and Injunctive Relief
**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

11.    This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

12.    This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

13.    Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV.    FACTUAL ALLEGATIONS

14.    The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

15.    Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

16.    The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

Complaint for Declaratory and Injunctive Relief
**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

17.     Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

**Plaintiff**

18.     Mr. Baker is a Redmond, Washington resident who travels throughout the Seattle area on a regular basis and most recently patronized Defendant's Property in 2019.

19.     Mr. Baker is limited in the major life activity of walking and is thus a qualified person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

20.     Mr. Baker plans to return to the Property once accessibility barriers are addressed.

**Defendant's Property**

21.     Mr. Baker used his wheelchair and automobile, albeit at personal risk due to existing accessibility barriers, to visit the Property.

22.     Mr. Baker does not feel safe accessing the property as is due to the current accessibility barriers.

23.     Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 2010 ADA Standards for Accessible Design ("2010 Standards").

24.     At Defendant's parking lots at the Property, there are several above-ground accessible parking spaces with access aisles, and three underground accessible parking spaces.

The Underground Accessible Parking Spaces

25.     Van accessible parking spaces shall be 132 inches wide and served by an access

Complaint for Declaratory and Injunctive Relief
**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1   aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the

2   2010 Standards.

3       26.     A regular accessible space shall be served by an access aisle at least 60 inches

4   wide.  § 502.3.1 of the 2010 Standards.

5       27.     The underground accessible parking spaces at Defendant's Property do not have

6   appropriately marked access aisles.

7       28.     Large concrete support pillars stand within these accessible parking spaces and

8   the spaces that should constitute access aisles, obstructing the required access aisle space and

9   reducing the width of the parking spaces.

10                    The Aboveground Accessible Parking Spaces

11      29.     Access aisles must be marked so as to discourage parking and adjoin the

12  accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

13      30.     § 401 of the 2010 Standards requires an accessible route to business entrances.

14      31.     Access aisles at the aboveground accessible parking spaces are striped, but the

15  striping paint has faded.

16      32.     Maintenance of accessible features is an integral part of ADA compliance.

17      33.     On several occasions in late 2018 and early 2019 the access aisles were obstructed

18  by cars or small golf-cart vehicles thereby preventing anyone parked in the adjacent accessible

19  parking spaces from entering or exiting their vehicle.

20      34.     Mr. Baker requires compliant van-accessible parking and compliant accessible

21  routes in order to safely patronize the tenants of Defendant's property using his vehicle and

22  power wheelchair.

23

Complaint for Declaratory and Injunctive
Relief
**Page 5 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

<u>Efforts to Resolve Informally</u>

35.     While there is no requrement that any efforts be made to informally resolve ADA accessibility issues at a place of public acomodation, Mr. Baker's attorney provided voluntary pre-litigation notice and an opportunity to settle this matter without a lawsuit by letter to Village at Beardslee Phase I, LLC dated January 28, 2019.

36.     As of the filing of this complaint, Mr. Baker's attorney received no response contact or response from Village at Beardslee Phase I, LLC.

37.     As of the filing of this complaint no alterations have been made to address these accessibility barriers.

38.     Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

39.     The failure of Village at Beardslee Phase I, LLC to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

## V.     FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

40.     Mr. Baker incorporates by reference the allegations in the paragraphs above.

41.     Mr. Baker is limited in the major life activity of walking and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

42.     Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

43.     Defendant Village at Beardslee Phase I, LLC owns or leases the property where the Starbucks tenant is located.

44.     The Starbucks location is a restaurant and therefore a place of public accommodation. 42 U.S.C. § 12181(7)(B).

45.     Defendant has discriminated against Plaintiff on the basis of his disability.

46.     Defendant's discriminatory conduct includes but is not limited to:

         a.      Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

         b.      Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

         c.      Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

         d.      Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

         e.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

47.     As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

48.   Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Mr. Baker, and the harm continues.

49.   Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Baker to declaratory and injunctive relief. 42 U.S.C. § 12188.

50.   Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Baker to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.   SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

51.   Mr. Baker incorporates by reference the allegations in the paragraphs above.

52.   Mr. Baker is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

53.   Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

54.   Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

55.     Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

56.     As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Baker has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

57.      Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr. Baker the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

58.     Mr. Baker has a clear legal right to access the tenants of Defendant's property under the Washington Law Against Discrimination.

59.     Mr. Baker has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

60.     Defendant's property does not comply with ADA accessibility laws and regulations.

61.     Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

62.     Pursuant to RCW § 49.60.030(2), Mr. Baker is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

Complaint for Declaratory and Injunctive
Relief
**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1

2
## VII.    PRAYER FOR RELIEF

3
WHEREFORE, Mr. Baker respectfully requests that this Court:

4
1.    Assume jurisdiction over this action;

5
2.    Find and declare Defendant Village at Beardslee Phase I, LLC to be in violation

6
of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the

7
Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because

8
Defendant's property does not comply with the ADA's accessibility laws and regulations;

9
3.    Issue a permanent injunction ordering Defendant to immediately implement the

10
necessary improvements to bring the Defendant's property into compliance with the ADA's

11
accessibility laws and regulations;

12
4.    Award Mr. Baker reasonable attorneys' fees and costs as authorized by 42 U.S.C.

13
§ 12205 and Wash. Rev. Code§ 49.60.030(2);

14
5.    Award actual, compensatory, and/or statutory damages to Mr. Baker for

15
violations of his civil rights as allowed under state and federal law;

16
6.    Award such additional or alternative relief as may be just, proper, and equitable.

17
DATED THIS 3rd day of April, 2019

18
By:

19
s/ Michael Terasaki                           s/ Conrad Reynoldson
Michael Terasaki                              Conrad Reynoldson

20
WSBA# 51923                                   WSBA# 48187
terasaki@wacda.com                            conrad@wacda.com
(206) 971-1124                                (206) 876-8515

21

22
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45TH ST, SUITE G, SEATTLE, WA 98105
*Attorneys for Plaintiff Brian Baker*

23

Complaint for Declaratory and Injunctive
Relief
**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558